IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUONG Q.V.,<br><br>       Petitioner,<br><br>  vs.<br><br>WARDEN OF THE CALIFORNIA CITY<br>DETENTION CENTER,<br><br>      Respondent. | Civil No. 1:26-cv-04623-MWJS<br>ORDER DENYING PETITION FOR WRIT<br>OF HABEAS CORPUS WITHOUT<br>PREJUDICE<br><br>A# 027-324-881 |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Luong Q.V.[1] petitions for a writ of habeas corpus under 28 U.S.C. §

2241, challenging his continued detention by immigration authorities.  Dkt. No. 1.

Petitioner is a native and citizen of Vietnam who was admitted to the United States as a

refugee in 1984 and later granted lawful permanent resident status.  Dkt. No. 8 at pg. 2.

In 2004, Petitioner was convicted of attempted forcible rape, in violation of California

Penal Code § 664/261(a)(2) and was sentenced to three years in prison.  Dkt. No. 8, Exh.

3.  Prior to that, he faced other criminal convictions, including for disorderly conduct

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

and soliciting a lewd act, for which he was sentenced to 45 days in jail, and well as battery on a peace officer/ emergency personnel, for which he was sentenced to 90 days in jail.  Dkt. No. 8-1, at pg. 11.

This criminal history led in part to the change in Petitioner's immigration status.  Dkt. No. 8-1, at pg. 6.  On February 6, 2013, an immigration judge ordered him removed to Vietnam, and his lawful permanent residence status was terminated.  Dkt. No. 8, Exh. 4.  About three months later, on or around May 24, 2013, the government released Petitioner from custody on an order of supervision pending his removal.  Dkt. No. 8, at pg. 3.  He then remained at liberty under that order.  On January 21, 2026, the government revoked his order of supervision and returned him to immigration custody, where he has remained since.  *Id.*; Dkt. No. 8-1 at pgs. 3–4.  Petitioner now asks to be released on an order of supervision.  Dkt. No. 1.

The government opposes relief.  It contends that Petitioner is subject to discretionary post-removal-order detention under 8 U.S.C. § 1231(a)(6), that he has an extensive and serious criminal history, and that his current detention—which it measures from his January 21, 2026 re-arrest at approximately five months—falls within the presumptively reasonable six-month period recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Dkt. No. 8 at pgs. 2–5.

The detention of noncitizens who have been ordered removed from the United States is governed by 8 U.S.C. § 1231(a).  Under that statute, a noncitizen subject to a

2

final order of removal is ordinarily subject to a 90-day "removal period" during which

detention is mandatory, *see* 8 U.S.C. § 1231(a)(1), (2), after which the government may

continue to detain certain noncitizens in its discretion, *see id.* § 1231(a)(6).  But the

Supreme Court in *Zadvydas* held that § 1231(a)(6) does not authorize indefinite

detention and must be read to contain an implicit limitation permitting detention only

for a period reasonably necessary to secure removal.  533 U.S. at 689, 701.  The Court

recognized six months as a presumptively reasonable period of post-removal-order

detention.  *Id.* at 701.  After those six months, a noncitizen is entitled to relief if he

"provides good reason to believe that there is no significant likelihood of removal in the

reasonably foreseeable future," at which point the government must come forward with

evidence sufficient to rebut that showing.  *Id.*  The six-month period is a threshold the

petitioner must cross before the burden shifts; it is not itself a ground for release.  *Id.*

Applying that framework here, the court first concludes that Petitioner has likely

crossed the six-month threshold, though not for the reason he advances.  Standing

alone, his detention since January 21, 2026, is under six months.  But that figure does

not capture the relevant period.  Petitioner was held in custody on this same final order

of removal once before—between the entry of the order on February 6, 2013, and his

release on supervision on or about May 24, 2013—and he is now detained on that

identical order.  On these facts, the earlier period of post-removal-order custody must

be counted together with the present one.  The *Zadvydas* clock measures the

3

reasonableness of detention under a final order of removal; the government cannot reset that clock to zero, and thereby renew the full six-month presumption, simply by releasing a noncitizen on supervision and later re-detaining him on the very same order.  A number of district courts have reached the same conclusion in materially similar circumstances.  *See, e.g.*, *Nguyen v. Andrews*, No. 1:26-CV-00015 DAD SCR, 2026 WL 263058, at *5 (E.D. Cal. Feb. 2, 2026) (adding aggregating periods of detention in order to determine whether the petitioner's detention remained presumptively reasonable); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 721-22 (W.D. Wash. 2025); *Chen v. Holder*, No. 6:14-cv-2530, 2015 WL 13236635, at *2 (W.D. La. Nov. 20, 2015).  Aggregating the two periods of custody on this single final order, Petitioner's detention exceeds six months, and the presumptively reasonable period has passed.

But that fact alone does not entitle Petitioner to relief, because crossing the six-month threshold does not by itself establish a *Zadvydas* violation.  *Zadvydas* "places the burden on the [noncitizen] to show, after a detention period of six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'"  *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003).  It is only once the Petitioner meets that burden that ICE must "introduce evidence to refute that assertion."  *Id*.

Petitioner has not met that burden here:  he has not submitted anything to the record that would suggest that Vietnam will refuse to issue a travel document, or that

any legal barrier makes Petitioner's removal unlikely.  *Cf. Nguyen v. Andrews*, 2026 WL 263058, at *6 (concluding that Petitioner had carried his burden where he had submitted a letter from the Embassy of Vietnam dated July 31, 2011, declining to issue him a travel document); *see also Nguyen v. Scott*, 796 F. Supp. 3d at 722–23 (concluding Petitioner had offered sufficient evident to show he could not be foreseeably removed to Vietnam). On the other hand, the government represents that Enforcement and Removal Operations has submitted a travel document request to the Vietnamese Consulate and is awaiting issuance of a travel document before scheduling his removal.  Dkt. No. 8 at pg. 3; Dkt. No. 8-1 at pg. 3.  On this record, Petitioner has not carried his threshold burden of showing that his removal is not reasonably foreseeable, and so he is not entitled to release under *Zadvydas*.[2]

The court notes, however, that this conclusion rests on the present record. Petitioner has now been detained on a final order of removal for a substantial period, and the government's ability to actually effectuate his removal to Vietnam remains, on this record, unproven.  If his detention continues without his removal being carried out—and particularly if it becomes apparent that Vietnam will not issue a travel

---

[2]     Because Petitioner has not met his threshold burden under *Zadvydas*, his detention is properly viewed as statutorily mandatory, and at least on the present record, the court is not persuaded that his 2013 release on an order of supervision would supply a basis for setting aside that mandatory detention today.  But because the record is not well developed here, the court rejects this argument without prejudice to Petitioner more fully developing it in a future petition.

document within a reasonable time—Petitioner may well be able to make the showing that *Zadvydas* requires.  Should that occur, he may file a renewed petition.  The denial of the present petition is therefore without prejudice to any such future application.

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED without prejudice.  This order resolves all pending motions.  The Clerk of Court is DIRECTED to close this case and enter judgment for Respondents.

IT IS SO ORDERED.

DATED:  June 25, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-04623-MWJS; *Luong Q.V. v. Warden of the California City Detention Center*; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE